UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Triscari. | ) | CASE NO.: 5:09CV1105 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mercedes-Benz, USA, LLC, | ) | |
| | ) | (Resolves Doc. 5) |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on Plaintiff Anthony Triscari's motion to remand (Doc. 5). The Court has been advised, having reviewed the motion, response, reply, pleadings, and applicable law. For the reasons stated herein, the motion is GRANTED.

**I. Facts**

Triscari filed suit against Defendant Mercedes-Benz, USA, LLC ("MBUSA") in state court on April 2, 2009. In his complaint, Triscari alleged that he purchased a CLK350 on July 8, 2006. Triscari alleged that the vehicle had numerous defects and that he gave MBUSA numerous opportunities to correct the defects. Triscari claimed that the defects were never repaired. Based upon those defects, Triscari attempted to revoke his purchase of the vehicle. MBUSA refused to accept Triscari's revocation. As a result, Triscari filed the instant suit.

On May 13, 2009, MBUSA removed the matter to this Court. In support of its removal, MBUSA contends that Triscari's complaint seeks more than the $50,000

amount in controversy required under the Magnusson-Moss Warranty Act. Specifically, MBUSA contends that Triscari sought the return of the purchase price of the vehicle, $55,340.63, plus attorney fees. On May 28, 2009, Triscari moved to remand the matter to state court. MBUSA responded in opposition, and Triscari replied. The Court now resolves the parties' arguments.

## II. Legal Analysis

Following removal, a defendant has the burden of proving the elements of diversity jurisdiction. *McCraw v. Lyons*, 863 F.Supp. 430, 432 (W.D.Ky. 1994) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979)). Generally, "[i]n a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). However, where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993). Furthermore, the above general rule has been further modified for claims arising under the Magnusson-Moss Warranty Act.

15 U.S.C. § 2310(d)(3)(B) provides that federal jurisdiction for a Warranty Act claim will not exist "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" For the purpose of determining whether this amount in controversy had been satisfied, the Sixth Circuit has adopted the following test:

> We conclude that this Court should follow the reasoning of the Third and
> Seventh Circuits when determining the amount in controversy under the

2

> Magnuson-Moss Warranty Act. The finance charges of a contract should not be added when determining if the amount in controversy has been satisfied. Pursuant to that analysis, the amount in controversy here would be calculated by determining the difference between the cost of a replacement vehicle … and the present value of the [vehicle]. The resulting figure … would be further reduced by the value that [the purchaser] obtained from the [vehicle].

*Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005). Accordingly, MBUSA bears the burden of demonstrating that the $50,000 amount in controversy has been satisfied under the test set forth in *Golden*. MBUSA has not met its burden.

It is undisputed that the purchase price of the vehicle was $55,340.63. Pursuant to *Golden*, the Court must start with this figure. From this figure, the Court must deduct the present value of the vehicle and then further reduce that number by the value that Triscari obtained from the vehicle. MBUSA has not offered evidence of either of these figures. Instead, MBUSA has argued that Triscari's complaint should be read to request rescission and that the full purchase price of the vehicle should be used to calculate the amount in controversy. The Court finds no merit in this argument.

In support of its argument, MBUSA relies upon *Rosen v. Chrysler Corp.*, 205 F.3d 918 (6th Cir. 2000). MBUSA, however, ignores that its specific argument was squarely rejected by *Golden*.

> Because revocation of acceptance is similar to rescission, Golden contends that the same analysis should apply to this case and that we should find, therefore, that the amount in controversy is the total contract price of almost $62,000.
>
> We are not persuaded by Golden's argument. Golden contends that there is no reason why a case involving rescission should be analyzed differently than one involving revocation of acceptance. However, this Court in *Rosen* relies in part on *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 133 n.5 (7th Cir. 1982) for the proposition that the contract's entire value, without offset, is the amount in controversy in a diversity case when a plaintiff seeks rescission. *See Rosen*, 205 F.3d at 921. Based on the

> damages formula in *Schimmer*, 384 F.3d at 405-06, and *Gardynski-Leschuck*, 142 F.3d at 957, and given that *Jadair, Inc*. has not been overruled, it is clear that the Seventh Circuit does not determine the amount in controversy in rescission cases in the same manner as it does in cases involving revocation of acceptance. We agree with the analysis of the Seventh Circuit. Even if Golden is entitled to a refund of the full contract price upon revocation of acceptance, therefore, it does not follow that the amount in controversy requirement has been satisfied.

*Golden*, 410 F.3d at 884.  MBUSA's argument regarding rescission, therefore, lacks merit.

Utilizing the test set forth in *Golden*, the Court is convinced that MBUSA has failed to meet its burden of demonstrating that jurisdiction is proper before this Court. To be successful in its argument, MBUSA would need to demonstrate that the current value of the car and the value that Triscari received from use of the car total less than $5,340.63. In contrast to this number, Triscari has provided evidence that the Kelley Blue Book values for a 2006 CLK350 in excellent condition and a 2006 CLK350 in rough condition differ by roughly 14%. Applying this figure to the purchase price would result in the new "rough condition" CLK350 being valued at $7,747.69 less than a pristine CLK350. According to Triscari's argument, this roughly $8,000 figure would equate approximately to the damages to which he would be entitled.

The Court, however, need not accept Triscari's figures. As noted above, the burden of demonstrating jurisdiction rests with the party that removed the action. MBUSA has offered no evidence of the current value of the vehicle. Furthermore, the complaint reveals that many of the alleged defects are rather minor in nature. Nothing in the complaint suggests that the current value of the CLK350 could conceivably be less than $5,340.63. Accordingly, MBUSA has failed to demonstrate that the amount in controversy exceeds $50,000.

4

In a final attempt to salvage jurisdiction before this Court, MBUSA contends that the amount in controversy should also include the attorney fees sought in the complaint by Triscari. Even assuming that this Court was willing to consider those fees, MBUSA has offered no evidence or estimate of the fees at issue. As detailed above, Triscari's damages could be as little as $7,747.69 minus any value he received from owning the CLK350. As such, to meet the jurisdictional requirement, MBUSA would need to demonstrate that the attorney fees at issue will more likely than not exceed $40,000. MBUSA has offered no argument in any manner regarding the amount of the possible fee recovery in this matter. MBUSA, therefore, has failed to meet its burden of demonstrating jurisdiction before this Court.

### III. Conclusion

Plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

Dated: June 29, 2009      ____/s/ Judge John R. Adams_____
                          JUDGE JOHN R. ADAMS
                          UNITED STATES DISTRICT COURT

5